# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DARIN WILLIAMS**                                          **CIVIL ACTION**

**VERSUS**                                                  **16-450-SDD-RLB**

**UNITED PARCEL SERVICE, INC.,
ET AL.**

## ORDER

Before the Court is Plaintiff's Motion to Quash Subpoena (R. Doc. 29) filed on August 24, 2017. The deadline for filing an opposition has not expired.

Plaintiff seeks an order quashing a subpoena served by defendant United Parcel Service, Inc. ("UPS") on Wal-Mart Stores., Inc. ("Wal-Mart") on July 21, 2017. Plaintiff represents that the subpoena requested documents to be provided by August 4, 2017, but Wal-Mart did not produce the requested documents as of the date of Plaintiff's motion. Plaintiff argues that the subpoena must be quashed on the basis that the information it seeks is not relevant, contains confidential information, and subjects Wal-Mart to undue burden.[1] (R. Doc. 29-1 at 2). Plaintiff further argues that the subpoena must be quashed because the deadline to complete non-expert discovery closed on August 21, 2017. (R. Doc. 29-1 at 2).

Non-expert discovery closed in this action on August 21, 2017. (R. Doc. 26). Local Rule 26(d)(1) provides that "[a]bsent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct during the final seven days of discovery." LR 26(d)(1). Accordingly, the instant motion related to discovery is untimely, and will be denied on that basis.

---

[1] The Court does not find that Plaintiff has standing to assert an objection to a subpoena on the basis that it would impose an undue burden on a third party.

Furthermore, Plaintiff has not attached a copy of the subpoena at issue to his motion. Accordingly, the Court cannot determine whether it is "the court for the district where compliance is required" and has the authority to quash the subpoena at issue. Fed. R. Civ. P. 45(d)(3)(A); *see also* Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."). Even if this is the court of compliance, Plaintiff has not demonstrated that he has standing to challenge the subpoena on the bases raised in his motion. *See Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights . . ., that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds.").

Finally, despite Plaintiff's representations, it is unclear to the Court whether Wal-Mart has responded and/or objected to the subpoena. What is clear is that non-expert discovery is closed in this action, and any future motion to compel compliance with the subpoena will be denied as untimely. In short, to the extent Wal-Mart did not comply with the subpoena in a timely manner, this Court will not consider any request to compel such compliance.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Quash Subpoena (R. Doc. 29) is **DENIED**. Nothing in this Order shall preclude counsel from providing a copy of this Order to counsel for Wal-Mart Stores., Inc.

Signed in Baton Rouge, Louisiana, on August 30, 2017.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**